## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| SCOTT MACKEY and DANIEL HERNANDEZ, individually and on behalf of all others similarly situated, | CASE NO. |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. |  |
| IDT ENERGY, INC., |  |
| Defendant. |  |

## CLASS ACTION COMPLAINT

1.      Plaintiffs Scott Mackey and Daniel Hernandez ("Plaintiffs") bring this action against IDT Energy for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") on behalf of themselves and all others similarly situated against Defendant IDT Energy, Inc., and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("IDT Energy" or "Defendant"), and allege as follows:

### I.      PARTIES

2.      Plaintiff Scott Mackey ("Plaintiff Mackey") is a citizen of Illinois, residing in Cook County, Illinois.

3.      Plaintiff Daniel Hernandez ("Plaintiff Hernandez") is a citizen of New Jersey, residing in Union County, New Jersey.

4.      Defendant IDT Energy, Inc., is a Delaware corporation with its principal place of business in Newark, New Jersey.  IDT Energy, Inc. is registered to do and is doing business in

Illinois, and solicits customers in New York, New Jersey, Pennsylvania, Maryland, Washington D.C.

## II.      JURISDICTION AND VENUE

5.      <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.  Furthermore, this Court has original jurisdiction over Plaintiffs' claims pursuant to the "Class Action Fairness Act," 28 U.S.C. §§ 1332(d), 1435.  While it is anticipated that neither Plaintiffs nor any individual class member's claims exceeds $75,000, the aggregate amount in controversy for the Class exceeds $5 million exclusive of interest and costs, and Plaintiffs are citizens of different states from Defendant.

6.      <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over IDT Energy because it has submitted to Illinois jurisdiction by registering with the Secretary of State to do business in this state, and a substantial part of the wrongful acts alleged in this Complaint were committed in Illinois.

7.      <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Mackey resides in this District and a substantial part of the events giving rise to Plaintiff Mackey's claims occurred in this District.

## III.      THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.      The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

10.     The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry, or with that entity's company-specific do-not-call list. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d).

11.     The National Do-Not-Call Registry allows residential telephone subscribers to register their telephone number with the Registry thereby indicating their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.     The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order,

18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15.     In 2013, the FCC required prior express written consent for all autodialed or

prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls
> must be signed and be sufficient to show that the consumer: (1)
> received "clear and conspicuous disclosure" of the consequences of
> providing the requested consent, i.e., that the consumer will receive
> future calls that deliver prerecorded messages by or on behalf of a
> specific seller; and (2) having received this information, agrees
> unambiguously to receive such calls at a telephone number the
> consumer designates.[] In addition, the written agreement must be
> obtained "without requiring, directly or indirectly, that the
> agreement be executed as a condition of purchasing any good or
> service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## IV.     FACTUAL ALLEGATIONS

### A.     Factual Allegations Regarding Defendant IDT Energy

16.     IDT Energy is a provider of energy services.

17.     Part of IDT Energy's strategy for increasing the volume of its consumer involves

the use of telemarketing calls, including through the use of an automatic telephone dialing

system ("ATDS") and/or automated calls.

18.     IDT Energy uses ATDS equipment, including autodialers and predictive dialers,

which have "the capacity—to (1) store numbers to be called or (2) to produce numbers to be

called, using random or sequential number generator—and to dial such numbers automatically

(even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego,*

*LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883 (9th Cir. Sep. 20, 2018). Predictive dialers connect the calling entity's agents only to calls where a person picks up the phone, so that the agents do not have to listen to unanswered calls, disconnected line messages, busy signals, answering machines, or fax machine signals.

19.     Recipients of these calls, including Plaintiffs, did not consent to receive such telephone calls.

**B.     Factual Allegations Regarding Plaintiff Mackey**

20.     Plaintiff Mackey is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21.     Plaintiff Mackey was the owner of Verizon Wireless cellular telephone number (630) 699-XXXX until approximately May 2018.  Mr. Mackey had been the owner of this telephone number for more than 12 years.

22.     Plaintiff Mackey registered his cellular telephone number, (630) 699-XXXX, on the National Do-Not-Call Registry on December 7, 2006.

23.     Beginning in the fall of 2016 through early 2017, Plaintiff Mackey received telemarketing calls on his cellular telephone, (630) 699-XXXX, from, or on behalf of, IDT Energy.

24.     The calls were made for purposes of marketing IDT Energy's products or services.

25.     When Plaintiff Mackey answered the calls, there was a lengthy pause and he would have to say "hello" multiple times before a person came on the line, which indicated to him that the call was made using an ATDS.

26.     Plaintiff Mackey was not interested in changing energy providers.

27.     On numerous occasions, Plaintiff Mackey requested that IDT Energy cease calling him. In fact, Plaintiff Mackey even called IDT Energy's corporate headquarters to request that the company cease calling him. Despite assurances from the corporate office that the calls would stop, the calls continued.

28.     Plaintiff Mackey was so frustrated by the calls that he complained about them on Facebook on October 4, 2016:



Scott Mackey ▶ IDT Energy
October 4, 2016 · 🌐

Please be aware that I have reported your company and harassing call solicitations to the FCC. I've asked MANY time to be removed from your list and I was ignored.
I'm going to post my complaint on your FACEBOOK page, twitter and google so you're aware.

If the calls continue I will call the authorities and report your company for caller harassment.

29.     Despite Plaintiff Mackey's requests that IDT Energy cease calling him, the calls continued.

30.     Each of the above-described calls occurred after Plaintiff Mackey registered his cellular telephone number, (630) 699-XXXX, with the National Do-Not-Call Registry.

31.     Plaintiff Mackey did not provide prior express consent to receive ATDS generated and/or automated or prerecorded calls on his cellular telephone from, or on behalf of, IDT Energy.

32.     Plaintiff Mackey's privacy has been violated by the above-described calls from, or on behalf of, IDT Energy and they constitute a nuisance as they are annoying and harassing.

33.     IDT Energy is responsible for making the above-described ATDS generated and/or automated or prerecorded calls.

C.      **Factual Allegations Regarding Plaintiff Hernandez**

34.     Plaintiff Hernandez is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

35.     Plaintiff Hernandez is the owner of AT&T Wireless cellular telephone number (201) 736-XXXX.

36.     Plaintiff Hernandez registered his cellular telephone number, (201) 736-XXXX, on the National Do-Not-Call Registry on June 12, 2009.

37.     Beginning in March 2018, Plaintiff Hernandez received telemarketing calls on his cellular telephone, (201) 736-XXXX, from, or on behalf of, IDT Energy.

38.     When Plaintiff Hernandez answered the calls, there was a lengthy pause before a person came on the line, which indicated to him that the call was made using an ATDS.

39.     The calls were made for purposes of marketing IDT Energy's products or services.

40.     Plaintiff Hernandez was not interested in changing energy providers.

41.     On numerous occasions, Plaintiff Hernandez requested that IDT Energy cease calling him.

42.     In fact, Plaintiff Hernandez was so annoyed by the calls that he complained about them on Facebook on March 29, 2018.

43.     Despite Plaintiff Hernandez's requests that Defendant cease calling him, the calls continued at a rate of approximately 3-4 calls per day for 4 weeks.

44.     Each of the above-described calls occurred after Plaintiff Hernandez registered his cellular telephone number, (201) 736-XXXX, with the National Do-Not-Call Registry.

45.    Plaintiff Hernandez did not provide prior express consent to receive ATDS generated and/or automated or prerecorded calls on his cellular telephone from, or on behalf of, IDT Energy.

46.    Plaintiff Hernandez's privacy has been violated by the above-described calls from, or on behalf of, IDT Energy and they constitute a nuisance as they are annoying and harassing.

47.    IDT Energy is responsible for making the above-described ATDS generated calls.

48.    IDT Energy has made a significant number of ATDS generated and/or automated or prerecorded calls to persons on their cellular telephones in Illinois and New Jersey and throughout the United States.

49.    IDT Energy made a significant number of telemarketing calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in Illinois and New Jersey, and throughout the United States.

50.    IDT Energy intends to continue to make similar ATDS generated and/or automated prerecorded calls to persons on their cellular telephones in Illinois and New Jersey, and throughout the United States.

51.    IDT Energy intends to continue to make similar ATDS-generated and/or automated or prerecorded calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in Illinois and New Jersey, and throughout the United States.

52.    Plaintiffs and all members of the Classes, defined below, have been harmed by the acts of IDT Energy because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

## V.      CLASS ACTION ALLEGATIONS

53.      <u>Class Definitions</u>.  Pursuant to Federal Rule of Civil Procedure 23(b)(2) and

(b)(3), Plaintiffs bring this case as a class action on behalf of two National Classes (collectively

referred to as the "Classes") defined as follows:

> <u>Cell Phone Class</u>:  All persons in the United States to whom:  (a)
> IDT Energy and/or a third party acting on IDT Energy's behalf,
> made one or more telephone calls; (b) promoting IDT Energy's
> goods or services; (c) to their cellular telephone number; (d) through
> the use of an automatic telephone dialing system or an artificial or
> prerecorded voice; and (e) at any time in the period that begins four
> years before the date of filing this Complaint to trial.

> <u>DNC Class</u>:  All persons in the United States who:  (a) received more
> than one call, made by IDT Energy and/or on IDT Energy's behalf;
> (b) promoting IDT Energy's goods or services; (c) in a 12-month
> period; (d) on their cellular telephone line or residential telephone
> line; (e) whose cellular or residential telephone line number(s)
> appear on the National Do-Not-Call registry; and (f) at any time in
> the period that begins four years before the date of filing this
> Complaint to trial.

54.      Excluded from the Classes are IDT Energy, any entity in which IDT Energy has a

controlling interest or that has a controlling interest in IDT Energy, and IDT Energy's legal

representatives, assignees, and successors.  Also excluded are the judge to whom this case is

assigned and any member of the judge's immediate family.

55.      <u>Numerosity</u>.  The Classes are each so numerous that joinder of all members is

impracticable.  On information and belief, the Classes each have more than 1,000 members.

Moreover, the disposition of the claims of the Classes in a single action will provide substantial

benefits to all parties and the Court.

56.    Commonality.  There are numerous questions of law and fact common to Plaintiffs and members of the Classes.  These common questions of law and fact include, but are not limited to, the following:

a.    As to Plaintiffs and the Cell Phone Class, whether IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

b.    As to Plaintiffs and the Cell Phone Class, whether IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiffs and the Cell Phone Class to treble damages;

c.    As to Plaintiffs and the DNC Class, whether IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf violated 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation within a 12-month period to Plaintiffs and members of the DNC Class who have registered their residential telephone numbers with the National Do-Not-Call Registry;

d.    As to Plaintiffs and the DNC Class, whether IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation within a 12-month period to Plaintiffs and members of the DNC Class who have registered their residential telephone numbers with the National Do-Not-Call Registry, thus entitling Plaintiffs and the DNC Class to treble damages;

e.     Whether IDT Energy is liable for ATDS generated and/or automated or prerecorded calls promoting IDT Energy's products and/or services made by IDT Energy's affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf;

f.     Whether IDT Energy is liable for telephone calls to persons on the National Do-Not-Call Registry made by IDT Energy's affiliates, agents, and/or other persons and entities acting on IDT Energy's behalf; and

g.     Whether IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf should be enjoined from violating the TCPA in the future.

57.     Typicality.  Plaintiffs' claims are typical of the claims of the Classes.  Plaintiffs' claims, like the claims of Classes arise out of the same common course of conduct by IDT Energy and are based on the same legal and remedial theories.

58.     Adequacy.  Plaintiffs will fairly and adequately protect the interests of the Classes.  Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

59.     Predominance.  IDT Energy has engaged in a common course of conduct toward Plaintiffs and members of the Classes.  The common issues arising from this conduct that affect Plaintiffs and members of the Classes predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

60.     <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel IDT Energy to comply with the TCPA.  The interest of individual members of the Classes in individually controlling the prosecution of separate claims against IDT Energy is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

61.     <u>Injunctive and Declaratory Relief Appropriate</u>.  IDT Energy has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.  Moreover, on information and belief, Plaintiffs allege that the automated calls made by IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VI.     FIRST CLAIM FOR RELIEF

### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)

62.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63.     The foregoing acts and omissions of IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

64.     As a result of IDT Energy's and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of the Cell Phone Class presumptively are entitled to an award of $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

65.     Plaintiffs and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## VII.    SECOND CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

66.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

67.     The foregoing acts and omissions of IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

68.     As a result of IDT Energy's and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of the Cell Phone Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

69.     Plaintiffs and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## VIII.   THIRD CLAIM FOR RELIEF

### (Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry – DNC Class)

70.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

71.     The foregoing acts and omissions of IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiffs and members of the DNC Class who have registered their telephone numbers with the National Do-Not-Call Registry.

72.     As a result of IDT Energy's and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf's violations of 47 C.F.R. § 64.1200(c), Plaintiffs and members of the DNC Class are entitled to an award of $500 in statutory damages for each and

every call initiated to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

73.     Plaintiffs and members of the DNC Class are also entitled to and do seek injunctive relief prohibiting IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any telephone subscriber who has registered his or her telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## IX.     FOURTH CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry – DNC Class)**

74.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

75.     The foregoing acts and omissions of IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiffs and members of the DNC Class who have registered their telephone numbers with the National Do-Not-Call Registry.

76.     As a result of IDT Energy's and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf's knowing and/or willful violations of 47 C.F.R. § 64.1200(c), Plaintiffs and members of the DNC Class are entitled to an award of treble damages of up to $1,500 for each and every call made to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

77.     Plaintiffs and members of the DNC Class are also entitled to and do seek injunctive relief prohibiting IDT Energy and/or its affiliates, agents, and/or other persons or entities acting on IDT Energy's behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any telephone subscriber who has registered their telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## X.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Classes, pray for judgment against IDT Energy as follows:

A.      Certification of the proposed Classes;

B.      Appointment of Plaintiff Mackey and Plaintiff Hernandez as representatives of the Classes;

C.      Appointment of the undersigned counsel as counsel for the Classes;

D.      A declaration that IDT Energy and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining IDT Energy and/or its affiliates, agents, and/or other related entities, as provided by law, from using predictive dialers to make outbound calls;

F.      An award to Plaintiffs and the Classes of damages, as allowed by law;

G.      An award to Plaintiffs and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

H.      Leave to amend this Complaint to conform to the evidence presented at trial; and

I.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## XI.  DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted this 5th day of October, 2018.

By:   /s/ Michael C. Lueder
       Michael C. Lueder
       HANSEN REYNOLDS, LLC
       301 N Broadway, Suite 400
       Milwaukee, WI 53202
       (414) 273-8474
       mlueder@hansenreynolds.com

Alan W. Nicgorski
HANSEN REYNOLDS, LLC
150 S. Wacker Dr. 24th Floor
Chicago, IL 60606
(312) 265-2253
anicgorski@hansenreynold.com

Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

Samuel J. Strauss
Turke & Strauss LLP
936 N. 34th Street, Suite 300
Seattle, WA 98103
(608) 237-1774
sam@turkestrauss.com
*Subject to Pro Hac Vice*

*Attorneys for Plaintiffs*