IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY AND DANIEL HERNANDEZ on behalf of themselves and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>IDT ENERGY, INC.<br><br>    Defendant. | Case No. 18-cv-6756<br><br>Honorable Elaine E. Bucklo |

## RULE 26(f) INITIAL PLANNING REPORT

**(1)** **The Nature of the Case**

    a.    <u>Identify the attorneys of record for each party, including the lead trial attorneys</u>.

| Plaintiffs | Defendant |
|---|---|
| Anthony Paronich (Lead Trial Attorney)<br>Edward A. Broderick<br>Broderick & Paronich, P.C. | BOIES, SCHILLER & FLEXNER LLP<br>Motty Shulman (Lead Trial Attorney)<br>Jason Cyrulnik (Lead Trial Attorney) |
| Michael C. Lueder<br>Hansen Reynolds, LLC | LASKO LEGAL SERVICES LTD.<br>Bennett W. Lasko |
| Matthew P. McCue (Lead Trial Attorney)<br>The Law Office of Matthew P. McCue | |
| Samuel J. Strauss<br>Turke & Strauss LLP | |

    b.    <u>State the basis for federal jurisdiction</u>.

Plaintiffs claim this Court has subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United

States, specifically 47 U.S.C. § 227. Defendant claims that some or all of Plaintiffs' claims are subject to arbitration.

    c. <u>Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought</u>.

The TCPA makes it unlawful to receive more than one telephone call within any twelve-month period by or on behalf of the same entity after placing your number on the National Do Not Call Registry, or after you've asked to have been placed on a company's Internal Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5). The TCPA provides a private cause of action to persons who receive such calls. *Id.* The TCPA also makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3). Plaintiffs claim that IDT Energy, Inc. ("IDT Energy") contacted Plaintiffs and putative class members using automated dialing technology on cellular telephone lines and despite their presence on the National Do Not Call Registry. Defendant disputes that Plaintiff Mackay was ever called by Defendant and asserts that Mr. Hernandez gave his prior express consent to be called.

**(2) Pending Motions and Case Plan**

    a. <u>Identify any pending motions</u>.

There are no pending motions. Defendant intends to file a motion to compel arbitration and/or amend pleadings.

b. <u>Confirm that the parties have read the Standing Order for the Mandatory Initial Discovery Pilot Project (MID) Describe your discussions regarding MID, including resolved and unresolved disagreements regarding such discovery</u>.

The parties confirm that they have read the Standing Order and served MID responses.

c. <u>Submit a proposal for a discovery plan, including the following information</u>:

　　i. <u>The general type of discovery needed</u>;

Plaintiffs anticipate seeking documents and data that will include (1) electronic data regarding the calls placed in this case; (2) electronic mail related to the allegations of this case; (3) electronic data tracking any consent to receive calls that consumers provided; (4) electronic data regarding the automated telephone dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationship between Defendant and their vendors; (6) Defendant's policies and procedures concerning TCPA compliance regarding the marketing and promotion of their services and products; and (7) complaints of illegal telemarketing made to the Defendant, and Defendant's responses.

Defendant believes that some or all of Plaintiffs' claims are subject to arbitration. Defendant anticipates seeking documents and data regarding whether Plaintiffs ever received calls from Defendant and whether Plaintiffs consented to receive such calls.

　　ii. <u>A date to issue written discovery not already covered under the mandatory disclosures required by the MID</u>:

August 30, 2019.

iii.   Proposed Confidentiality Orders:

The parties agree to use the Northern District of Illinois' Model Confidentiality Order subject to amendment for greater protections that may be necessary for certain categories of documents.

iv.   Fact Discovery Completion:

October 30, 2019.

v.   Whether there will be Expert Discovery and Completion Date:

The parties believe there will be expert discovery needed and propose to complete Expert Discovery by February 28, 2020.

vi.   Dispositive Motions Due By:

May 1, 2020.

d. Discuss the anticipated scope, if any, of electronically stored information ("ESI") in the case and the potential methodologies for identifying ESI for production. Submit the parties' agreements regarding ESI and identify any areas of disagreement regarding ESI.

The parties will submit a proposed ESI Order.

e. Indicate whether a jury trial is requested and the probable length of trial.

Plaintiffs have demanded a jury. Plaintiff believes that if this matter is certified as a class action, then the trial is expected to last 3-4 days.

**(3)   Consent to Proceed Before a Magistrate Judge**

The parties have not unanimously consented to proceed before a Magistrate Judge.

**(4)** <u>**Status of Settlement Discussions**</u>

    a.    <u>Indicate whether any settlement discussions have occurred, and if so, the status of those discussion. Unless it is impossible due to the uncertainty of damages, plaintiffs should have made a demand by the first status conference.</u>

The Parties have discussed the possibility of settlement. However, since the Plaintiff is only willing to entertain a class-wide settlement pursuant to Fed. R. Civ. P. 23, the Parties will need to engage in discovery related to the elements of Fed. R. Civ. P. 23, including the identity of class members, prior to entertaining settlement.

    b.    <u>Whether the parties request a settlement conference before the Magistrate Judge assigned to the case.</u>

The parties do not request a settlement conference at this time.

Dated: January 16, 2019

| | |
|---|---|
| By: */s/ Anthony I. Paronich*<br>    Anthony Paronich | By:   */s/ Motty Shulman*<br>        Motty Shulman |
| Email: anthony@broderick-law.com<br>BRODERICK & PARONICH, P.C.<br>99 High St., Suite 304<br>Boston, Massachusetts 02110<br>Telephone: (508) 221-1510<br><br>*Counsel for Plaintiffs* | BOIES, SCHILLER & FLEXNER LLP<br>Motty Shulman<br>mshulman@bsfllp.com<br>Jason Cyrulnik<br>jcyrulnik@bsfllp.com<br>333 Main Street<br>Armonk, NY 10504<br>(914) 749-8200<br><br>Bennett W. Lasko (ARDC #6196198)<br>LASKO LEGAL SERVICES LTD.<br>Two North Riverside Plaza, Suite 1850<br>Chicago, IL 60606<br>(312) 763-6290<br>blasko@laskolegal.com<br><br>*Counsel for Defendant IDT Energy, Inc.* |

CERTIFICATE OF SERVICE

I, Anthony I. Paronich, hereby certify that on January 16, 2019, I sent the foregoing to counsel of record for the Defendant.

BRODERICK & PARONICH, P.C.

By: /s/ *Anthony I. Paronich*
Anthony I. Paronich