IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY and DANIEL HERNANDEZ, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> IDT ENERGY, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) No. 18 C 6756 ) ) ) ) ) ) ) |

Memorandum Opinion and Order

Illinois resident Scott Mackey and New Jersey resident Daniel Hernandez filed an action against IDT, a Delaware corporation, under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). They seek to represent two nationwide classes comprising: 1) individuals who received calls on their cell phones that IDT made using an automatic telephone dialing system; and 2) individuals whose phone numbers were on the National Do-Not-Call Registry and who received multiple calls from IDT within a one-year period.[1] Before me is IDT's motion for summary judgment of

---

[1] These are summary descriptions of the two proposed classes, not the precise class definitions.

Hernandez's claims, which argues that I lack personal jurisdiction over IDT with respect to those claims. For the reasons that follow, the motion is granted.

Plaintiffs allege that Hernandez received telemarketing calls on his cell phone from or on behalf of IDT beginning in March of 2018. At the time, Hernandez's number was on the National Do-Not-Call Registry. Plaintiffs allege that IDT's unwanted calls to Hernandez continued at a rate of three to four calls per day over the next several weeks, despite Hernandez's requests that IDT stop calling him. In their response to defendant's motion for summary judgment, plaintiffs state that Hernandez was called on a New Jersey telephone number and that Hernandez was in New Jersey when he received the unwanted calls. Plaintiffs do not claim that Hernandez received any calls in Illinois or on an Illinois phone number.

Defendant argues that under *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017), these facts do not support the exercise of specific personal jurisdiction over it with respect to Hernandez's claims. *Bristol-Myers* was a mass tort action in which a group of primarily non-California residents injured outside of California asserted claims in a California state court against a pharmaceutical company not subject to general jurisdiction in California. Reaffirming the well-settled principle that due process requires a "connection

2

between the forum and the specific claims at issue," 137 S. Ct. at 1781, the Court reversed the California Supreme Court's conclusion that the state courts had specific personal jurisdiction over the claims brought by the nonresident plaintiffs. *Id*. at 1776 ("The mere fact that *other* plaintiffs [were harmed] in California does not allow the State to assert specific jurisdiction over the nonresidents' claims.") (Original emphasis).

Plaintiffs acknowledge that Hernandez's claims do not arise out of any contact IDT had with him in Illinois. In their view, however, the jurisdictional limits the Court imposed in *Bristol-Myers* apply only to state courts considering claims brought by out-of-state plaintiffs who allege out-of-state injuries, and do not restrict *federal* courts' exercise of personal jurisdiction over defendants sued by out-of-state plaintiffs asserting federal claims. Although plaintiffs' argument is not without some support in the case law, *see e.g., Sloan v. General Motors LLC*, 287 F. Supp. 3d 840 (N.D. Cal. 2018); *In re Chinese-Manufactured Drywall Prods. Liability Litig.*, 2017 WL 5971622 (E.D. La. Nov. 30, 2017), it has not met with success in any court of this district.

Indeed, numerous courts in this district have construed *Bristol-Myers* as cabining their exercise of personal jurisdiction over defendants sued by out-of-state plaintiffs for out-of-state injuries, including in the context of claims asserted under the TCPA. *See, e.g., Practice Mgmt. Support Servs., Inc. v. Cirque do*

3

*Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. 2018) (no personal jurisdiction over defendant with respect to out-of-state plaintiff's TCPA claims); *Garvey v. Am. Bankers Ins. Co. of Fla.*, No. 17 C 986, 2019 WL 2076288 (N.D. Ill. May 10, 2019) (same); *America's Health and Resource Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *4 (N.D. Ill. Jul 19, 2018) (same). *See also Leppert v. Champion Petfoods USA Inc.,* No. 18 C 4347, 2019 WL 216616, at *4 (Jan. 16, 2019) (rejecting argument that *Bristol-Myers* does not apply in the context of multistate class actions); *Al Haj v. Pfiser Inc.*, 338 F. Supp. 3d 741, 752 (N.D. Ill. 2018) (dismissing the claims of a non-resident plaintiff in a putative nationwide class action even though his claims were identical to those of a resident plaintiff); *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 873-75 (N.D. Ill. 2017) (same). I share the view expressed by my colleagues in these cases and conclude that the general principle articulated in *Bristol-Myers*—that due process requires a "connection between the forum and the specific claims at issue," 137 S. Ct. at 1781—prevents me from exercising specific personal jurisdiction over IDT with respect to Hernandez's claims.

Plaintiffs argue that even if the absence of any connection between Illinois and Hernandez's claims would otherwise undercut specific personal jurisdiction, I may nevertheless exercise jurisdiction under the doctrine of "pendent personal jurisdiction"

4

because Hernandez's claims and Mackey's claims are based on a common nucleus of operative facts. Resp. at 8-9. It is true that the Seventh Circuit has recognized the doctrine of pendent personal jurisdiction in cases involving federal statutes that authorize nationwide service of process. *Robinson Engineering Co. Pension Plan and Trust v. George*, 223 F. 3d 445, 449 (7th Cir. 2000). But the TCPA is not such a statute. Accordingly, Illinois law determines the limits of personal jurisdiction, and the principles of *Bristol-Myers* apply. *See Practice Management*, 301 F. Supp. 3d at 862.

Finally, as an alternative to specific jurisdiction, plaintiffs argue that general jurisdiction over IDT may be appropriate based on: 1) the company's Illinois business activities as alleged in an unrelated case the Illinois Attorney General brought against it in Illinois state court; and 2) the fact that IDT is the defendant in a declaratory judgment brought by its insurer in this district. *See* Resp. at 12-13 (citing *People of the State of Illinois ex rel. Lisa Madigan v. IDT ENERGY, INC.*, No. 2018CH14380 (Ill. Cir. Ct. Nov. 19, 2018), and *Twin City Fire Insurance Company v. IDT Energy, Inc.*, No. 1:19-cv-03617 (N.D. Ill.). With respect to the first point, plaintiff's unadorned reference to the number of customers the Illinois Attorney General alleges that IDT has in Illinois falls far short of establishing that the company can be "fairly regarded as at home" in Illinois.

5

*Bristol-Myers*, 137 S. Ct. at 1780 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). *See also Leppert*, 2019 WL 216616, at *3 (once personal jurisdiction has been challenged, plaintiff bears the burden of showing that jurisdiction exists). As for plaintiffs' second point, numerous cases have held that a defendant's involvement in other lawsuits in the same forum is not an adequate basis for the exercise of general jurisdiction. *See Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 750-51 (N.D. Ill. 2018) (citing cases). In short, the record before me does not persuade me that I may assert general jurisdiction over IDT.

Plaintiffs' final argument is that even if personal jurisdiction over IDT is lacking with respect to Hernandez's claims, IDT waived its jurisdictional objection by not raising it sooner. It is true that objections to personal jurisdiction are waivable, but IDT did not waive its objection in this case. Unlike in *Rice v. Nova Biomedical Corp.*, 38 F.3d 909 (7th Cir. 1994), the case on which plaintiffs primarily rely, IDT did not "fail or refuse to press" the defense or create the impression that it had "abandoned" its objection. Indeed, contrary to plaintiff's representation, IDT indicated in its July 10, 2019, motion to compel arbitration and stay discovery that it intended to seek summary judgment based on the defense if the undisputed evidence confirmed—as it ultimately did—that Hernandez's alleged injury

6

occurred outside of Illinois. Under the circumstances of this case, I decline to hold that IDT waived its personal jurisdiction defense by failing to raise it sooner.

For the foregoing reasons, IDT's motion for summary judgment is granted. In addition, IDT's motion to compel arbitration and stay Hernandez's claims is denied as moot. To the extent IDT's request in that motion to bifurcate individual and class discovery is not also rendered moot by the dismissal of Hernandez's claims,[2] that motion is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 9, 2020

---

[2] The three "gating issues" that IDT argues should be resolved prior to proceeding to class discovery all relate to Hernandez's claims. *See* Mem. ISO Mot. to compel arbitration, stay claims, and bifurcate discovery, DN 42 at 19.