IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY AND DANIEL HERNANDEZ, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>IDT ENERGY, INC.,<br><br>    Defendant. | Case No. 1:18-cv-6756<br><br>Honorable Elaine E. Bucklo |

**PLAINTIFF DANIEL HERNANDEZ'S MOTION
FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)**

Plaintiff Daniel Hernandez, by his attorneys, hereby moves this Court for entry of judgment regarding his claims in this action pursuant to Federal Rule of Civil Procedure 54(b). In further support of this motion, Hernandez states as follows:

**Background**

1. This is a consumer class action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA). The Plaintiffs, Scott Mackey ("Mr. Mackey") and Daniel Hernandez ("Mr. Hernandez") ("Plaintiffs") allege they received illegal telemarketing calls on their cell phones from IDT Energy, Inc. ("IDT") promoting IDT's energy-related goods or services, in violation of the TCPA. Plaintiffs filed their Complaint in this action on October 5, 2018. (Dkt. 1.)

2. On January 9, 2020, the Court granted Defendant's motion for summary judgment as to Mr. Hernandez, holding that it lacked personal jurisdiction over his claims pursuant to the Supreme Court's holding in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017). (Dkt. 65, 66.)

1

3. Mr. Hernandez now moves this Court to enter judgment with respect to his claims pursuant to Federal Rule of Civil Procedure 54(b) so that he may seek an immediate appeal of the Court's January 9, 2020 summary judgment ruling.[1]

4. Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

5. "By its terms, Rule 54(b) sets forth three requirements for its application: first, that the action involve multiple parties or claims for relief; second, that the order sought to be certified finally decided the rights and liabilities of a party and; third, the determination by the district court that no just reason exists for delaying the appeal." *See Theriot v. Trumbull River Services, Inc.*, 835 F. Supp. 465, 467-68 (C.D. Ill. 1993) (citing *Local P-171 v. Thompson Farms. Co.*, 642 F. 2d 1065, 1069-72 (7th Cir. 1981). "The first two determinations, multiplicity and finality, are non-discretionary criteria. The third determination, no just reasons for delay, is discretionary." *Id.* (internal citations omitted). Each of these requirements is met here.

6. *First,* the multiplicity requirement is clearly met as this action indisputably involves multiple parties.

7. *Second,* the finality requirement is also met. "To be final and appealable under Rule 54(b), a judgment must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *See General Ins. Co. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011). Put another way, a judgment is final under Rule 54(b) if "it completely disposes

---

[1] As noted in Plaintiffs' opposition to Defendant's summary judgment motion, the Seventh Circuit has yet to rule on the issue of whether the holding in *Bristol-Meyers* applies to federal courts' exercise of personal jurisdiction over defendants sued by out-of-state plaintiffs asserting federal claims. This issue, however, is the subject of at least one pending appeal to the Seventh Circuit – *Mussat v. IQVIA, Inc. et al.* – which was argued on September 27, 2019.

of a separate claim for relief or finally resolves all claims against a particular party or parties." *U.S. v. Etrick Wood Products, Inc.*, 916 F.2d 1211, 1217 (7th Cir. 1990). Here, the Court's ruling granting Defendant summary judgment with respect to Mr. Hernandez's claims on personal jurisdiction grounds disposed of all of his claims in this action. *See Smith v. Jefferson Cty. Bd. of Ed.*, 378 Fed. Appx. 582, 586 (7th Cir. 2010) (dismissal of some, but not all, defendants on personal jurisdiction grounds was a "final resolution" for purposes of Rule 54(b)); *Hinkle v. Continental Motors*, No.8:16-cv-2966, 2018 WL 10096593, at *2 (M.D. Fla. Jan. 8, 2018) (order dismissing certain defendants for lack of personal jurisdiction was "the ultimate disposition of all claims" against those defendants and thus was a "final judgment" under Rule 54(b)).

8. *Third,* and finally, there is no just reason for delay. "The determination of whether there is no just reason for delay is discretionary and requires the Court to balance the competing policies of permitting accelerated review of certain judgments with the desire to avoid the waste in appellate resources which may accompany piecemeal litigation." *Theriot*, 835 F. Supp. at 468. "Rule 54(b) was adopted to address the potential for injustice created where a litigant in a complex lawsuit had his rights on certain issues conclusively resolved at an early stage of the litigation process, but was not allowed to appeal the court's decision as to his rights until the case a whole concluded." *Id.*

9. This is exactly the situation here. The January 9 summary judgment ruling resolved all of Mr. Hernandez's claims in this Court; and allowing Mr. Hernandez to appeal the personal jurisdiction ruling now will not involve the Seventh Circuit in additional work as it can decide whether this Court's ruling was proper independently of any of the issues remaining to be litigated with respect to Mr. Mackey's claims. Indeed, as the Seventh Circuit held in *Smith*, this situation – where one party is dismissed on grounds entirely separate from the issues relating to the remaining parties -- "is the paradigm of an easy case for the entry of a partial final judgment under Rule 54(b)." *Smith,* 378 Fed. Appx. at 586; *see also Hinkle*, 2018 WL 10096593, at *2 ("where some, but not all, defendants are

3

dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims, courts have routinely found no just reason for delay of entering final judgment as to those dismissed defendants"); *Lewis v. Travertine, Inc.*, No. 2:17-cv-00016, 2017 WL 2989176, at *2-3 (C.D. Cal. July 12, 2017) ("one would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction").

## Conclusion

For all of the foregoing reasons, this Court should grant this motion, find that there is no just reason for delay, and direct the entry of final judgment with respect to Mr. Hernandez's claims against Defendant.

By: /s/ *Alan W. Nicgorski*
Alan W. Nicgorski
HANSEN REYNOLDS, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 265-2253
anicgorski@hansenreynolds.com

Michael C. Lueder
HANSEN REYNOLDS, LLC
301 N Broadway, Suite 400
Milwaukee, WI 53202
Telephone: (414) 273-8474
mlueder@hansenreynolds.com

Matthew P. McCue *(pro hac vice)*
Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
Telephone: (508 ) 655-1415
mmccue@massattorneys.net

Edward A. Broderick *(pro hac vice)*
Broderick Law, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (617) 738-0780
ted@broderick-law.com